IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN CONNELL, et. al.                )
                                     )
    Plaintiffs,                      )
                                     )
VS.                                  )    No. 1:03-1012-T
                                     )
WEBB REALTY, INC., et. al.,          )
                                     )
    Defendants.                      )

ORDER DENYING DEFENDANTS' MOTIONS FOR ENLARGEMENT OF TIME
TO FILE MOTION FOR ATTORNEYS' FEES AND DENYING DEFENDANTS'
MOTIONS FOR ATTORNEYS' FEES AS UNTIMELY

This case, brought pursuant to the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, § 813 ("the FHA"), 42 U.S.C. § 3613, was tried without a jury on March 28–30, 2005. On June 6, the court issued written Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, resolving Plaintiffs' FHA claims in favor of Defendants.[1] On June 8, the clerk entered judgment in accordance with the court's order. (Docket No.'s 116–117). Plaintiffs did not appeal.

On June 29, Defendants James and Kay Mays filed a motion for an attorney's fee.[2]

---

[1] Two defendants, Anna Webb and Jule Nance, were granted Judgment as a Matter of Law at the close of Plaintiffs' proof. (See Docket No. 116 at 1–2).

[2] These defendants relied solely on the attorneys' fees provision contained in the FHA, which provides that,

On July 8, Defendants Dianne Moore,[3] Webb Realty, Inc., Jule Nance, and Billy and Anna Webb,[4] also filed motions for attorneys' fees. Each motion was filed in an untimely manner. Before the court are three motions, which together cover each individual defendant, for an enlargement of the time for them to move for attorneys' fees. (Docket No.'s 130, 135, 139). Plaintiffs object to the enlargement of time and also contend that the motions should be denied on the merits. For the reasons set forth below, each Defendant's Motion for Enlargement of Time to File Motion for Attorneys' Fees is DENIED. Therefore, each Defendant's Motion for an Attorney's Fee is also DENIED as untimely.

Rule 54(d)(2)(B) and (E) of the Federal Rules of Civil Procedure provide, in relevant parts,

---

> the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."

42 U.S.C. § 3613(c)(2).

[3]Defendant Moore also bases her claim for fees on the FHA exclusively.

[4]Defendants Webb Realty, Inc., Jule Nance, and Billy and Anna Webb, in addition to relying on the FHA, relied in their motion on 42 U.S.C. § 2996e(f) and 28 U.S.C. § 1927. The first statute allows fees in cases commenced by legal service entities, such as West Tennessee Legal Services ("WTLS"), that receive federal assistance from the federally created Legal Services Corporation. See 42 U.S.C. 2996e(f). The statute only permits fees to be awarded if the court finds that "the action was commenced or pursued for the sole purpose of harassment of the defendant or . . . the Corporation or a recipient's plaintiff maliciously abused legal process." Id. The other statute, codified at 28 U.S.C. § 1927, embodies the court's authority to sanction "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously," by holding the attorney personally liable for the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Id.

2

> [u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment.
>
> . . . .
>
> The [14 day time limit does] not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927.

FED. R. CIV. P. 54(d)(2)(B) & (E). It is undisputed that the motions for attorneys' fees filed in this case were filed more than 14 days after the date judgment was entered in Defendants' favor. The motion on behalf of Defendants James and Kay Mays was filed 21 days after entry of judgment. The motions on behalf of the other defendants were filed 30 days after entry of judgment. The attorneys assumed, despite the plain text of Rule 54(d)(2)(B), that they had more time to move for attorneys' fees. Rule 6(b) of the federal rules authorizes the court to enlarge the time for filing, even if the relevant time period has already expired, if the movant's justification for untimeliness is "excusable neglect." FED. R. CIV. P. 6(b). Also, as noted above, Rule 54(d)(2)(E) expressly exempts § 1927 claims from the time requirements of Rule 54(d)(2)(B).

Defendants Webb Realty, Inc., Jule Nance, and Billy and Anna Webb (the "Webb Defendants") rely both on the general "excusable neglect" exception contained in Rule 6(b) and on the Rule 54(d)(2)(E) exemption for claims for fees brought pursuant to 28 U.S.C. § 1927. Because the remaining defendants—Diane Moore, James Mays, and his wife Kay Mays—base their motion for fees solely on the FHA, their only potential basis for enlargement of time is "excusable neglect." The court will first consider whether any of

these defendants can demonstrate that the cause for their neglect was "excusable." The court will then consider, even if their neglect was inexcusable, whether the Webb Defendants may nevertheless pursue their § 1927 claim notwithstanding the fact that it was filed thirty days after entry of judgment in this case.

## I. Excusable Neglect

Both parties rely on the Supreme Court's decision in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993) as the governing law. The issue in Pioneer, which involved a bankruptcy lawyer's failure to file a timely proof of claim, was whether or not a finding of "excusable neglect" required a showing of lack of fault by the litigant or attorney seeking leniency. Id. Interpreting the word "neglect" in light of its "ordinary, contemporary, common" meaning, the Court held that a requirement of lack of fault was too restrictive of a definition. Id. at 388 (presuming that Congress intended "excusable neglect" to include appropriate instances of "inadvertence, mistake, or carelessness").

The Court then proceeded to decide whether, under the more relaxed standard, the court of appeals had been correct in deciding that the attorney's failure to file on time was excusable neglect. Acknowledging that the determination was "at bottom an equitable one," the Court agreed with the lower court's consideration of such factors as the potential of prejudice to the other party, the length of the delay, the impact that the delay would have on

4

the underlying litigation, the excuse for the delay (including whether or not the attorney could have avoided it), and the presence or absence of bad faith. Id. at 395. The Court's primary focus was undoubtedly on the lawyer's reason for untimeliness. Id. at 398. Although he was not without fault, the Court was clearly sympathetic to the fact that the court-ordered deadline for creditors' claims was placed "peculiar[ly] and inconspicuous[ly]" in a separate notice in a way that created a "dramatic ambiguity." Id. Based on that factor, along with the fact that there was no showing of prejudice or bad faith, the Court affirmed a finding of excusable neglect. Id. at 398–99.

Here, Defendants seize upon the word "equitable" from Pioneer, and upon the Court's discussion of some of the factors that may or may not be important in a given case, and they implicitly argue that the trial court must engage in a subjective, multi-step balancing test every time an attorney misses a deadline to determine if the tardiness constituted "excusable neglect." The Court in Pioneer, however, made clear that the rule to be applied in the usual case is that "ignorance of the rules[] or mistakes construing the rules" are simply not excusable. See id. at 392, 398–99. The Court's description of the excusable neglect standard as an "elastic" concept presumes that a single one of the "equitable" factors, particularly the reason for delay, may be so overwhelming that it alone justifies denying a finding of excusable neglect. See id. at 392. Indeed, post-Pioneer cases from this circuit confirm that, when the attorney's reason for delay is plainly inexcusable, then the excusable neglect analysis is not as complex and multifaceted as Defendants suggest. See Allen v.

5

Murph, 194 F.3d 722 (6th Cir. 1999); Duncan v. Washington, No. 93-1171, 1994 U.S. App. LEXIS 16491 (6th Cir. June 29, 1994) (per curiam).

In an unpublished opinion, the Sixth Circuit in Duncan did not find it necessary to balance all of the other conceivable equitable factors because one factor, the lawyer's lack of a legitimate reason for his failure to meet the deadline, was inexcusable. The attorney had traveled out of town immediately after an adverse ruling against his client, but he had returned within time to request an extension of time to appeal. Id. at *2–3, *5. He "misread the rule" governing the time to appeal, so he later moved for a retroactive extension on the ground of excusable neglect. Id. at *1, *5. The court of appeals reaffirmed several pre-Pioneer cases in which it had held that "a finding of excusable neglect requires 'unique or extraordinary' circumstances.'" Id. at *5 (quoting Barnes v. Cavazos, 966 F.2d 1056, 1061 (6th Cir. 1992); Baker v. Raulie, 879 F.2d 1396, 1399)). While recognizing that Pioneer had "relax[ed] the strict standards of excusable neglect," the Duncan court did not engage in a "balancing test" to conclude that the attorney's ordinary procrastination was inexcusable. Id. at *8–9 (citing Reed v. Gardner, 986 F.2d 1122, 1128 (7th Cir. 1993); In re Cosmopolitan Aviation Corp. 763 F.2d 722 (2d Cir. 1985)).

Similarly, Allen v. Murph, 194 F.3d 722 (6th Cir. 1999), also highlighted the absence of a satisfactory reason for the attorney's delay in rejecting his reliance on the excusable neglect standard. See Allen, 194 F.3d at 724. That case, like this one, dealt with the filing of a motion for an attorney's fee after the expiration of the 14-day deadline. Id. at 723. The

6

attorney went on vacation after a trial, but neither he nor his associate moved for an extension of time before the 14-day time limit had elapsed. Id. Because the lawyers "knew or *should have known*," of the 14 day period, their malfeasance was not excusable. Id. at 724 (emphasis added). Furthermore, even though the court of appeals mentioned the "relevant circumstances" from Pioneer, it did not discuss those circumstances or engage in a "balancing test" before finding the attorneys' lack of attention to the 14-day period ineligible for leniency. Id.[5]

These cases demonstrate that, while excusable neglect does not require perfection, it also does not sanction ignorance of or indifference to unambiguous, familiar, and frequently implicated time limits. In this case, the attorneys offer no "excusable" reason for their failure to move for fees, or to request an extension, before the 14-day period expired. Instead, to the extent that it can be ascertained, the only reason they propose is that they were mistaken about how many days Rule 54(d) actually prescribed as the relevant time limit, even though Rule 54(d)(2)(B) is clear and unambiguous with respect to attorneys' fees and even though the same rule also governs the time limit for motions for costs, which were timely filed in this case. This type of neglect is not excusable neglect whether the rule was

---

[5] Both parties also cite and discuss Crue v. Aiken, 370 F.3d 668 (7th Cir. 2004). The most that Crue stands for is that a court of appeals will review a finding of excusable neglect for abuse of discretion. Id. at 681. Its discussion and analysis of the "equitable factors" was certainly not extensive. Id. It simply "defer[red]" to the trial court's analysis of those factors. Id. Also, the attorney in Crue had made a mistake in calculating the number of days that had elapsed, id.; he did not, like these attorneys, simply assume that the rule prescribed a longer time limit. In short, the court does not find Crue to be particularly helpful here.

7

read and misunderstood, or simply ignored. Because these reasons—either misinterpretation of a clear time limit or ignorance of the rule's contents—are not "excusable," Defendants' motions to re-open and enlarge the time to move for fees must be denied and their motions for an award of fees must also be denied.

II.

To the extent that the Webb Defendants also rely on 28 U.S.C. § 1927 in support of their motion for fees, it is also untimely. As noted by Plaintiffs, even though § 1927 is not governed by Rule 54(d)(2)'s strict 14-day time limit, it is still within the court's discretion to deny such a claim if it is not made reasonably soon after the allegedly sanctionable conduct. C.f. White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 454 (1982) (noting concerns regarding prejudice or unfair surprise); see also Trevino v. Holly Sugar Corp., 811 F.2d 896, 906–07 (5th Cir. 1997).

Here, too much time has elapsed between the allegedly sanctionable conduct and the motion for § 1927 sanctions. The Webb Defendants filed their motion more than two years after Plaintiffs filed this lawsuit, even though one basis for the § 1927 claim is that Plaintiffs knowingly prosecuted and continued to prosecute a frivolous suit. If that is true, the Webb Defendants should have made that claim when they discovered the sanctionable conduct instead of waiting until after trial. Similarly, the Webb Defendants in large part base the § 1927 claim on inappropriate acts that allegedly occurred in the preparation of affidavits

responding to a motion for summary judgment. That claim should have been made closer to when the allegedly fraudulent affidavits were filed. Finally, because the § 1927 claim challenges precisely the same conduct as does the other bases for fees, and because it simply mirrors the other arguments, it would be unfair to Plaintiffs to permit the § 1927 claim to proceed after having held the other claims to be inexcusably untimely.

In short, the § 1927 claim is so similar to and so intertwined with the other alleged bases for an award of attorneys' fees that it must also fail for untimeliness, notwithstanding the fact that the text of Rule 54(d)(2)(E) exempts § 1927 from the 14-day time period.[6]

III.

Had the court considered the merits, it is improbable that Defendants would have been entitled to an award of attorneys' fees. Plaintiffs survived two motions for summary judgment by the Webb Defendants and one such motion by each of the remaining defendants. (See Docket No.'s 77, 104). Each defendant, except for Anna Webb and Jule Nance, was required to present evidence after the close of Plaintiffs' proof at trial. The case involved numerous, genuinely disputed issues of material fact that ultimately happened to be resolved in Defendants' favor. The fact that Defendants prevailed, however, hardly

---

[6] The type of conduct that one would expect to be subject to a § 1927 sanction would, in most cases, occur long *before* the 14 day, post-judgment period even becomes relevant. Thus, one might read Rule 54(d)(2)(E) as simply an acknowledgment that the majority of claims for fees are not even governed by Rule 54 ("Judgments;Costs"), rather than as an exemption of post-judgment § 1927 claims from timeliness considerations.

9

requires a finding that the case was "an abuse of the legal process[,]" "brought for the sole purpose of harassment," in an unreasonable and vexatious manner. See 28 U.S.C. § 1927; 42 U.S.C. § 2996e(f). In addition, it does not mean that the Plaintiffs' suit was "frivolous." Thus, had the court considered the merits, it would have exercised its discretion in favor of denying an award of attorneys' fees.

IV.

Because Defendants' neglect was not "excusable," none of them are entitled to a Rule 6(b) retroactive enlargement of the time to request an attorney's fee award. Because the Webb Defendants' §1927 claim is inseparable from the other fee requests, it is also considered untimely. For the foregoing reasons, each Defendant's Motion for Enlargement of Time to File Motion for Attorneys' Fees is DENIED. Consequently, each Defendant's Motion for an Attorney's Fee is DENIED.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

26 September 2005
DATE

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 184 in case 1:03-CV-01012 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Jonathan O. Steen
ARMSTRONG ALLEN, PLLC
464 North Parkway
Ste. A
Jackson, TN 38305

Donald D. Glenn
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Carol Gish
WEST TENNESSEE LEGAL SERVICES, INC.
210 West Main St.
Jackson, TN 38301

Brandon O. Gibson
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

J. C. Cox
FIELDS & COX
645 N. Royal Street
Jackson, TN 38301--499

Milton Dale Conder
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT